# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **R.S. II and T.S.**

**No. 12-1432** (Mason County 11-JA-50 & 51)

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel R. Michael Shaw, from the Circuit Court of Mason County which terminated his parental rights, entered on November 8, 2012. The guardian ad litem for the children, Barry Casto, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, the DHHR filed the abuse and neglect petition against the children's parents. The petition alleged abuse and neglect by the parents through the mother's alcoholism and Petitioner Father's homelessness and lack of income. Throughout the course of these proceedings, the circuit court granted both parents extended improvement periods. The parents were provided services and visitation through their improvement periods. One of the terms of Petitioner Father's improvement period was to obtain proper housing and comply with services. Although Petitioner Father resided much of the time at a homeless shelter, his residency was unknown after September of 2012 when he also discontinued his contact and services with the DHHR. In November of 2012, the circuit court entered its order revoking both parents' improvement periods and terminating their parental rights to the subject children. It is from this order that Petitioner Father appeals.

Petitioner Father argues that the circuit court committed clear error in issuing a final order with findings of fact and conclusions of law not substantiated or supported by the record. He also argues that the circuit court erred in finding that petitioner did not successfully complete his post-adjudicatory period of improvement for reasons other than housing. Petitioner Father argues that he made reasonable attempts to obtain housing and that he attended all visits with his children. Petitioner Father further argues that he complied with all services and acquired employment during this case. In response, the children's guardian ad litem and the DHHR contend that the circuit court did not err in terminating Petitioner Father's parental rights to the subject children. Both argue that one of Petitioner Father's caseworkers testified that he did not interact with the children much during their visits and that she was unsure of his capacity to parent the children. They further point out that at the October of 2012 hearing, Petitioner Father

1

was no longer staying at the homeless shelter and that he had discontinued contact and services with the DHHR.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no clear error with the circuit court's findings of fact in its determination to terminate Petitioner Father's parental rights to the subject children. A review of the transcript for the October 11, 2012, hearing reflects that Petitioner Father impermissibly discontinued his contact and services with the DHHR. Our review indicates that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of

2

Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home cannot be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard* , 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II